UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ALISHA SHEERAHAMAD, natural law guardian on behalf of her daughter CG a minor child,

                                                       Plaintiff,

-against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK AND THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, KATRINA DUNCAN, individually and on behalf of the Department of Education of New York, DIANA LAGNESE individually and on behalf of the Department of Education of New York, ANDREA MITCHELL individually and on behalf of the Department of Education of New York, MS. SCHEKLIER individually and on behalf of the Department of Education of New York, ALISON ARDUINI individually and on behalf of the Department of Education of New York, KETURAH HARDY individually and on behalf of the Department of Education of New York,

                                                       Defendants.

------------------------------------------------------------------------x

**STIPULATION AND PROTECTIVE ORDER**

22 Civ 04873 (CM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/2023

Pursuant to Fed. R. Civ. P. 26(c) and 20 U.S.C. §1232g (b)(2)(b), it is hereby stipulated and agreed, by and between Plaintiffs and Defendants New York City Department of Education ("DOE"), the Board of Education of the City of New York, Katrina Duncan, Diana Graf,[1] Andrea Mitchell, Janine Schleicher,[2] Alison Arduini, and Keturah Hardy ("Defendants"), through their respective counsel, and ordered by the Court as follows:

---

[1] Defendant Diana Lagnese's legal name is Diana Graf.

[2] Defendant Janine Schleicher is listed as Ms. Scheklier in the caption.

1. The following documents and information produced or provided by the Parties or nonparties during the course of this action, including during the course of discovery, may be designated by any Party as "Confidential Material:"

    a. Any document(s) or information relating to any student, including but not limited to documents, information or data relating to student records, grades, assignments, coursework, grievances and complaints, and school services;

    b. Any document(s) or information prepared by or maintained in the custody of DOE that is/are sensitive or confidential, including, but not limited to, documents reflecting proprietary information, personal health information, age, race, national origin, sexual orientation, or gender;

    c. Any document(s) or information which counsel for the Parties agree should be considered Confidential Material; and

    d. Testimony about the documents and information covered by Paragraph 1(a)-(c).

2. Nothing herein shall negate or obviate any requirement or obligation of confidentiality independent of this Stipulation and Protective Order and Order for Production of Student Records ("this Protective Order" or "this Order"), including but not limited to the provisions of The Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; 34 CFR Part 99 ("FERPA") and Paragraph 3 of this Protective Order.

3. By so-ordering this Protective Order, the Court hereby authorizes Defendants to produce any document(s) and information relevant to the issues in this litigation that are protected by FERPA and relating to any student, including, but not limited to, C.G., upon condition that the students whose records are sought are notified of this Order in advance of any compliance with this order by Defendants. Any such records obtained shall be designated

as Confidential Material pursuant to the terms of this Protective Order and must be treated as such in strict compliance with the terms of this Protective Order.

4. The so-ordering of this Order does not waive or nullify any objections Defendants may make in response to Plaintiff's demands for discovery, documents or information.

5. Any Party producing Confidential Materials described in Paragraph 1 of this Protective Order ("the Producing Party") may designate such materials as Confidential Material by marking each document with the words "Confidential Material." So-marked documents, and the information contained therein, shall not be disclosed to anyone by the party receiving the Confidential Material ("the Receiving Party"), except as provided in this Protective Order. A designation as Confidential Material by one Party shall not be deemed an acknowledgment of confidentiality by any other Party except for purposes of this Protective Order. Each Party hereto reserves the right to make an application to the Court on notice challenging a designation of confidentiality, in whole or part, of any document or information.

6. In the event that any Party obtains documents or information from a Party or nonparty that it believes is confidential, any Party may designate such information as Confidential Material pursuant to this Protective Order and it shall be treated as such in accordance with this Protective Order.

7. Unless otherwise ordered by the Court or agreed to by the Parties in writing, Confidential Material, including information contained in the Confidential Material or testimony concerning the Confidential Material that is itself designated as Confidential Material pursuant to Paragraph 1(d) of this Protective Order:

a. shall be used solely for the purpose of, or in investigation and preparation for, proceedings, hearings, depositions, motions, and trial in this action, and not for any other purpose, including in any other action(s) or in support of any other claim(s) interposed by Plaintiff or any other person against any Defendant; and

b. may be disclosed only to:

(1) counsel representing the Parties, including in-house counsel at DOE, employees of counsel or counsel's office, persons acting under counsel's supervision, and employees and independent contractors of counsel who are directly involved in the litigation of this action;

(2) the individual Parties to this action, Defendants and Plaintiffs, and officers or employees of any named Party who is either required by such Party or requested by counsel to assist in the prosecution or defense of the action;

(3) the Parties' experts and consultants, as necessary for the prosecution or defense of the action in accordance with the procedures set forth in Paragraph 8 of this Protective Order;

(4) any deponent, witness, or potential deponent or potential witness, for purposes of investigation, preparation, deposition, or trial in this action only, who authored or otherwise had access to and familiarity with the document or information at the time of its original creation and use, or had familiarity with or possessed knowledge of facts and circumstances of the action to which the document or information relates in accordance with the procedures set forth in Paragraph 8 of this Protective Order;

  (5) any other person as to whom the Parties agree in writing in accordance with the procedures set forth in Paragraph 8 of this Protective Order;

  (6) court reporters, as necessary for the conduct of this litigation; and

  (7) the Court, pursuant to the provisions of Paragraph 10 of this Protective Order.

8. Any Party in possession of Confidential Material shall disclose such material, including the information contained therein, to a person identified in sub-paragraphs 7(b)(3), 7(b)(4), and/or 7(b)(5) of this Protective Order only after: (a) advising such person that, pursuant to this Protective Order, he or she may not divulge such information to any other individual or entity; and (b) such person executes a Non-Disclosure Agreement in the form annexed hereto as Exhibit A. The Party in possession of Confidential Material must retain each signed Non-Disclosure Agreement, and provide it to the Producing Party either before such person is permitted to testify (at deposition or trial), or at the conclusion of the case, whichever comes first.

9. All Confidential Material shall be maintained by the Parties in a confidential manner, and shall not be given, shown, or described to any persons other than those described in Paragraph 7 and only pursuant to the procedures in Paragraph 8.

10. No Confidential Material shall be filed in the record of this action or with the Court except as follows:

 a. If a Party seeks to file papers with the Court that incorporates Confidential Materials or reveals the contents thereof, he or she shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing the Confidential Materials and shall indicate whether the other Party

objects to that request. No materials shall be filed under seal unless the Court has issued an Order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal. Court filings and submissions from which information that has been designated as Confidential Material has been redacted in its entirety, such that they therefore no longer contain any information that has been designated as Confidential Material, are not required to be filed under seal.

b.  If a Party uses or elicits testimony concerning Confidential Material in a deposition, the Party shall provide the reporter with a copy of this Protective Order and, if any Party so requests, that portion of the deposition in which Confidential Material is disclosed or discussed shall be designated and marked "Confidential Material" and be separately bound and this Confidential Material will be treated like all other Confidential Material pursuant to this Protective Order.

c.  If a Party intends to use or elicits testimony concerning Confidential Material at trial or in open court on any occasion in a manner that will disclose the Confidential Material, the Party intending to so use the Confidential Material shall take all steps reasonably required to protect the material's confidentiality during such use.

11. Inadvertent failure to designate any document as Confidential Material shall not be construed as a waiver, in whole or in part, of its status as Confidential Material, and may be corrected by the Producing Party by written notification to the Receiving Party promptly upon discovery of the failure to designate.

12. This Protective Order shall be without prejudice to the right of any Party to oppose production of any document(s) or information on any and all grounds. This Protective Order also shall not in any way affect the applicability of the attorney/client privilege or the work product doctrine, or of any other privilege or doctrine that would exempt any document from disclosure pursuant to federal, state, or local law or regulation.

13. All Confidential Material obtained in this litigation shall be used by the Receiving Party solely for the prosecution or defense of the claims and affirmative defenses in this litigation, and shall not be used by the Receiving Party in any other legal action, administrative proceeding, or arbitration, or for any business, commercial, competitive, personal, publicity, media, or other purpose.

14. Nothing in this Protective Order shall be construed to limit, modify, or interfere in any manner with:

   a. the disclosure obligations of DOE under the New York Freedom of Information Law ("FOIL"), New York Public Officers Law Article 6, and related state law, regulations, and judicial decisions;

   b. the interpretation, application, and implementation by DOE, its public access officers, and state courts, of FOIL and related state law, regulations, and judicial decisions as well as other laws and regulations, such as FERPA, except as noted in Paragraph 3;

   c. DOE's or its employees' or officials' use in the ordinary course of business and as permitted by law outside of this action of documents and information designated as Confidential Material in this action that they legally have in their possession

and that were not received through discovery in this action or through releases or authorizations signed by Plaintiffs; or

    d.    any Producing Party's use of its own Confidential Material.

15. Within thirty days of the final conclusion of this action, including any post-trial motions or appellate proceedings, upon request of counsel, all matter designated as Confidential Material (including all copies of the same documents or identifiable portions thereof and all documents reflecting the documents or their contents) shall be returned promptly by the Receiving Party to the producing Party, or, in lieu of their return, they may be destroyed (as by shredding) and the destruction of all such documents (except those returned) shall be promptly certified by the Receiving Party, who shall notify the Producing Party in writing promptly of such destruction.

16. The Parties reserve the right to seek modification of this Protective Order by application to the Court for good cause shown.

17. This Protective Order may be signed in counterparts, which taken together shall be construed as a single document.

18. Electronic or faxed copies of signatures of this Protective Order shall have the same force and effect as original signatures.

                    \* \* \* **Date and Signatures on Following Page** \* \* \*

Dated: New York, New York
March 14, 2023

    Stewart Lee Karlin, Esq.      HON. SYLVIA O. HINDS-RADIX
    Stewart Lee Karlin, Law Group OC    Corporation Counsel of the City of New York
    *Attorneys for Plaintiff*      *Attorney for Defendants*
    111 John Street, 22nd Floor      100 Church Street, Room 2-110
    New York, New York 10038      New York, New York 10007
    (212) 792-9670      (212) 356-8768
    slk@stewartkarlin.com      saroubas@law.nyc.gov

By: Stewart Lee Karlin, Esq.      By: Shlomit Aroubas
     Assistant Corporation Counsel

SO ORDERED:

Hon. Colleen McMahon
United States District Judge

3-15-2023

## ADDENDUM

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES'
STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential. It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available. The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final. If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALISHA SHEERAHAMAD, natural law guardian on behalf of her daughter CG a minor child,

                              Plaintiff,

                      -against-

THE DEPARTMENT OF EDUCATION OF THE CITY OF NEW YORK et al.,

                             Defendants.

22 Civ 04873 (CM)

------------------------------------------------------------------------ x

## NON-DISCLOSURE AGREEMENT

I, _____, the undersigned, hereby certify that I have read and understood the Stipulation and Protective Order ("this Order") entered in this action, and I hereby agree to abide by its terms and condition. I understand that Confidential Material and any copies, notes, or other records that may be made regarding Confidential Material shall not be used by me or disclosed to others, except in conformity with this Order, and that I may be held in contempt of court if I violate the terms of this Order.

Dated: _____

                                          _____
                                          Signature

                                          _____
                                          Name (Printed)

Sworn to before me this ____ day of _____, 20__.

_____
NOTARY PUBLIC